UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SAMUEL HENDLEY,

                    Plaintiff,                    Case No. 2:21-cv-17

v.                                                Hon. Hala Y. Jarbou

J. ROGERS, et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the

Court is required to dismiss any prisoner action brought under federal law if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C.

§ 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*,

404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these

standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.        Factual allegations

        Plaintiff is presently incarcerated with the Michigan Department of Corrections

(MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility.  Plaintiff sues URF Correctional

Officer J. Rogers and URF Grievance Coordinator Unknown McLean.

Plaintiff alleges that, on July 3, 2020, as he was returning from Nation of Islam

religious services, Defendant Rogers stopped him and instructed him to put his chain inside his

shirt.  Plaintiff complied.  Rogers then told Plaintiff to submit to a shakedown.  Plaintiff again

complied.  Upon searching Plaintiff, Defendant Rogers discovered two Bic pens.  Rogers allegedly

"THREATEN[ED]" Plaintiff, saying, "These are stabbing devices, I can put you in

'STEAMBOAT'[1] for these."  (Compl., ECF No. 1, PageID.4.)  Plaintiff then allegedly threatened

to file a grievance against Defendant Rogers for discriminatory harassment, alleging that Rogers

had targeted him as he was returning from his Muslim religious services.

At approximately 11:02 p.m. that day, Defendant allegedly took adverse action

against Plaintiff by filing a false misconduct charge for insolence against Plaintiff, stating the

following:

> After discussing another rule violation with inmate Hendley #196496, as Hendley
> turned to walk away he stated from a distance of ten feet, "You're a fucking asshole
> Rogers, don't play games with me. Fucking C.O.'s!"  These words were not said in
> j[e]st, they were said with the intent to alarm and degrade the officer.

(*Id.*)

Plaintiff claims that, on July 4, 2020, he placed a grievance against Defendant

Rogers in the URF-West Food Service locked grievance box, alleging that Rogers engaged in

discriminatory harassment.  Defendant Grievance Coordinator McLean allegedly refused to assign

a grievance number, rejecting the grievance on the ground that Plaintiff had failed to attempt to

resolve the issue with Defendant Rogers.  Plaintiff alleges that Defendant McLean's conduct was

designed to thwart Plaintiff's attempt to exhaust his administrative remedies, was done in collusion

---

[1] As Plaintiff makes clear a few paragraphs later, "Steamboat" is a prison euphemism for segregation.  (*Id.*)

with Defendant Rogers, and constituted a dereliction of duty.  Plaintiff filed a grievance against Defendant McLean on August 12, 2020, alleging that McLean was retaliating against him.

Four days later, on July 7, 2020, Plaintiff told Hearings Officer Arthur Derry (not a defendant) that Rogers had written a retaliatory misconduct.  Derry allegedly responded, "Next time, don't tell Rogers you're writing a grievance on him."  (*Id.*)  Derry then released Plaintiff from the hearing, in order to review the video camera footage.  One week later, Derry found Plaintiff not guilty of the misconduct charge.

Plaintiff alleges that both Defendants retaliated against him, in violation of his rights under the First Amendment.  Plaintiff also seeks to add the following state-law clauns: ethnic intimidation, Mich. Comp. Laws § 750.147b; discriminatory harassment, Mich. Comp. Laws § 4.363; forgery, Mich. Comp. Laws §§ 750.248(1), 750.249(1); and conspiracy, Mich. Comp. Laws § 750.157a.  He seeks nominal, compensatory, and punitive damages, together with specific injunctive relief:  the discharge of Defendant Rogers from his position and the filing of a felony complaint.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.  **Retaliation**

Plaintiff alleges that Defendant Rogers issued a false misconduct charge against him, in retaliation for Plaintiff's threat to file a grievance. Plaintiff also alleges that Defendant McLean, in collusion with Defendant Rogers, retaliated against Plaintiff by rejecting his grievance about Rogers' allegedly retaliatory conduct.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:

4

(1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

## A.      Defendant Rogers

Plaintiff's retaliation claim against Defendant Rogers fails at the first step.  He alleges that he threatened to file a grievance against Defendant Rogers, claiming that Rogers discriminated against him on the basis of his religion.  The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  Moreover, an oral threat to file a grievance also is protected conduct.  *See Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance); *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741.

However, the right to file grievances is protected only insofar as the grievances are not "frivolous."  *Herron*, 203 F.3d at 415.  "Abusive or manipulative use of a grievance system

would not be protected conduct," *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012), and an

"inmate cannot immunize himself from adverse administrative action by prison officials merely

by filing a grievance or a lawsuit and then claiming that everything that happens to him is

retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002).  As the Supreme Court held

in *Lewis v. Casey*, 518 U.S. 343 (1996), "[d]epriving someone of a frivolous claim . . . deprives

him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11

sanctions." *Id.* at 353 n.3.

   In the instant case, Plaintiff's threatened grievance was frivolous.  Defendant

Rogers committed no grievable conduct by stopping Plaintiff, asking that Plaintiff tuck his chain

inside his shirt, and submit to a routine pat-down search.  Indeed, Rogers' demand was a legitimate

request, as policy required religious pendents to be worn under clothing.  *See* MDOC Policy

Directive (PD), Attach. A.  In addition, pat-down searches are routine and random, and Plaintiff

makes no claim that Rogers' search was unusually intrusive or of atypical duration—anything that

would suggest an improper motive.

   Finally, the fact that Rogers found two Bic pens during the search and told Plaintiff

that the pens could be deemed stabbing devices that could get Plaintiff put in segregation utterly

fails to demonstrate religious harassment.  Plaintiff does not allege that a prisoner may never be

charged with a misconduct for possessing a weapon under these circumstances.  Nor could he.

Prison policy prohibits the "[u]nauthorized possession of any item designed or intended to be used

to cause or threaten physical injury to another person; unauthorized possession of piece, strip, or

chunk of any hard material which could be used as a weapon or in the creation of a weapon."  *See*

PD 03.03.105, Attach. A.  Although a pen may not necessarily be a weapon, Defendant Rogers'

claim that Plaintiff could be charged with a misconduct was not unsupported.  Indeed, Plaintiff

does not even contend that he was authorized to carry two pens while traveling between religious services and his cell.  Under PD 04.07.112(U), pens are not among the items a prisoner may possess when on an assignment.  *Id.*

Thus, in the absence of any evidence of improper motive, Plaintiff simply decided to accuse Defendant Rogers of discriminating against him on the basis of his religion.  Making such an unsupported allegation of wrongdoing could itself have been a violation of policy and a basis for a misconduct charge.  *See* PD 03.03.105, Attach. B (interference with the adminstration of rules includes "making false accusations of misconduct against another prisoner or staff which results in disciplinary action being initiated against the person").  Moreover, conduct that violates prison rules is not protected conduct.  *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (conduct amounting to insolence is not protected); *Caffey v. Maue*, 679 F. App'x 487 (7th Cir. Feb. 15, 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language was not protected conduct) (citing cases); *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004) (concluding that an inmate who accused a chaplain of theological errors during a religious service had engaged in an unprotected challenge to institutional authority).

Under all of these circumstances, Plaintiff fails to allege facts that would support a grievance based on religious discrimination.  Because his threatened grievance was frivolous, it was not protected conduct.  Plaintiff therefore fails to meet the first prong of the retaliation standard.  As a result, his retaliation claim against Defendant Rogers fails to state a claim.

### B.   Defendant McLean

Plaintiff alleges that Defendant McLean retaliated against him by rejecting his grievance against Defendant Rogers.  Plaintiff's retaliation claim against Defendant McLean fails, but for different reasons.

To establish the second element of a retaliation claim, Plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396.  The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

Many courts, including this one, have held that the denial or refusal to process a grievance is not an adverse action. *See, e.g.*, *Cameron v. Gurnoe*, No. 2:19-cv-71, 2019 WL 2281333, at *4–5 (W.D. Mich. May 29, 2019) (citing cases); *Branch v. Houtz*, No. 1:16-cv-77, 2016 WL 737779, at *6 (W.D. Mich. Feb. 26, 2016); *Ross v. Westchester Cnty. Jail*, No. 10 Civ. 3937(DLC), 2012 WL 86467, at *8 (S.D.N.Y. Jan. 11, 2012) (the refusal to file a grievance is, without more, insufficient to constitute an adverse action); *Stone v. Curtin*, No. 1:11-cv-820, 2011 WL 3879505, at *4 (W.D. Mich. Aug. 31, 2011) (the failure to process a prison grievance would not deter a prisoner of ordinary firmness from exercising his right to file a grievance); *Green v. Caruso*, No. 1:10-cv-958, 2011 WL 1113392, at *10 (W.D. Mich. Mar. 24, 2011) (the denial of a prisoner's grievances was not sufficiently adverse to support a retaliation claim); *Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa. 2009), *aff'd*, 358 F. App'x 302 (3d Cir. 2009) (the rejection or denial of prison grievances does constitute an adverse action for purposes of a retaliation claim).

8

Refusing to process a grievance could not deter a person of ordinary firmness from engaging in protected conduct because it does not have any adverse consequences.  Prisoners do not have a right to an effective grievance procedure, *see Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005), and they suffer no consequences for filing a grievance that is not processed.  It is true that a prisoner must exhaust available administrative remedies before bringing a civil-rights claim in court, *see* 42 U.S.C. § 1997e(a), but even assuming that Defendant McLean improperly prevented Plaintiffs from pursuing particular grievances, Defendant could not have prevented Plaintiffs from pursuing a civil rights claim based on an issue raised in those grievances.  If Defendant thwarted Plaintiff's ability to use the grievances process, then the process was not "available" to Plaintiff for that claim, and exhaustion would not be a prerequisite for initiation of a civil rights action.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001).

Because he cannot demonstrate that Defendant McLean took adverse action against him, Plaintiff's retaliation claim fails to state a claim.

IV.    **State-law claims**

Plaintiff raises the following state-law claims:  ethnic intimidation, Mich. Comp. Laws § 750.147b; discriminatory harassment, Mich. Comp. Laws § 4.363; forgery, Mich. Comp. Laws §§ 750.248(1), 750.249(1); and conspiracy, Mich. Comp. Laws § 750.157a.

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60

F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction.  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.*  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## V.     **Pending motion**

Plaintiff has filed a motion (ECF No. 4) seeking an order directing the Michigan Department of Corrections to discontinue collection of any further filing-fee payments.  Plaintiff states that he has paid his full $350.00 filing fee, as directed in the Court's January 25, 2021, order granting leave to proceed *in forma pauperis*.  He states, however, that he expects the MDOC will continue to withdraw an additional $190.00.  Plaintiff states no reason for his belief that the MDOC will violate the Court's order.

Upon review, the Court agrees that Plaintiff has paid the full $350.00 filing fee owed in this action.  However, in the absence of evidence to suggest that the MDOC will violate the Court's order, Plaintiff's motion will be denied.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will dismiss without prejudice Plaintiff's state-law claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   May 10, 2021                            /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE

11